UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELINDA R.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C18-5523 BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

In 2012, plaintiff applied for benefits. Tr. 13. After conducting a hearing in 2014, the ALJ issued a decision finding plaintiff not disabled. Plaintiff appealed and the U.S. District Court remanded the case for assessment of the opinion of Loren McCollom, Ph.D. Tr. 610. In September 2017, ALJ David Johnson conducted a hearing pursuant to the remand order; ALJ Johnson issued a decision in April 2018 finding obesity, diabetes mellitus, generalized anxiety disorder, major depressive disorder, post-traumatic stress disorder, attention deficit disorder, neuropathy, kidney abnormality, lipidemia, hypertension, bilateral shoulder abnormalities, and anemia are severe impairments; plaintiff retains the residual functional capacity (RFC) to perform light work subject to additional limitations; and plaintiff is not disabled because she can perform past relevant work as a newspaper carrier, and alternatively other jobs in the national economy. Tr. 612-29.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 1

Plaintiff appeals the 2018 decision contending the ALJ misevaluated the opinions of two medical sources and requesting the Court remand the case for further administrative proceedings. Dkt. 10 at 1. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

**DISCUSSION**

Plaintiff contends the ALJ misevaluated the opinions of Loren McCollom, Ph.D., and Curtis Greenfield, Psy.D. The ALJ must provide clear and convincing reasons to reject an uncontradicted medical opinion, or specific and legitimate reasons where contradicted. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

   *1.   Dr. McCollom*

Plaintiff contends the ALJ erroneously rejected Dr. McCollom's opinion plaintiff has difficulty following simple instructions and demonstrates cognitive concerns. The ALJ rejected the doctor's opinion plaintiff has difficulty following simple instructions because plaintiff could identify three items immediately after a five minute delay, and can make simple meals, dress and bathe. Tr. 624. Plaintiff argues the ALJ erred by failing to explain how recall ability undermines Dr. McCollom's opinion, and that recall regards memory, not ability to follow instructions. Dkt. 10 at 3.

The ALJ rejected Dr. McCollom's opinion referencing examining doctor Brett Valette's, Ph.D., report. Tr. 624 (citing Ex. 25F/2-5). Dr. Valette found plaintiff could identify three items immediately after a five minute delay, Tr. 862, and concluded plaintiff "can understand, remember, and carry out simple one and two step instructions." Tr. 864. The ALJ thus relied

upon an examining doctor's opinion that conflicted with Dr. McCollum's opinion. When there are conflicting examining medical opinions based on independent clinical findings in the record, such as here, the ALJ is entitled to resolve the conflict. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995). There is no indication Dr. Valette's opinion is defective and thus the court cannot say the ALJ unreasonably rejected Dr. McCollum's opinion in favor of Dr. Valette's.

While the ALJ did not specifically state he was rejecting Dr. McCollum's opinions as contradicted by Dr. Valette's, the ALJ's citation to Dr. Valette's report sufficiently informs the Court of the grounds upon which the ALJ relied in rejecting Dr. McCollum's opinion. *See Treichler v. Comm'r of Social Sec. Admin.,* 775 F.3d 1090 1102 (9th Cir. 2014) (Court may not affirm ALJ's decision where "'the agency's path' cannot 'reasonably be discerned.") (citation omitted). The Court accordingly affirms the ALJ's determination.

The ALJ also rejected Dr. McCollum's opinion plaintiff "demonstrates some cognitive concerns" as inconsistent with a "MOCA"[1] administered in 2015, plaintiff's ability to watch Gray's anatomy on T.V. and play games on an IPad; and plaintiff's ability to express herself with normal speech. Tr. 624. An ALJ may properly reject a physician's opinion that is inconsistent with the record. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999)." Here the ALJ found the doctor's opinion was inconsistent with plaintiff's normal "MOCA" test results, a finding plaintiff does not contest. The Court accordingly affirms the ALJ's determination.

Because the ALJ gave a valid reason supported by substantial evidence to discount Dr. McCollum's opinions, the Court need not discuss the other reasons the ALJ gave. Even assuming the other reasons are erroneous, the errors would be harmless. *See Carmickle v. Comm'r, Soc.*

---

[1] The Commissioner indicates the "MOCA" or Montreal Cognitive Assessment is a screening tool for detecting mild cognitive impairment. Dkt. 11 at 3, n. 2.

- 3

*Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### *2.    Dr. Greenfield*

Plaintiff contends the ALJ erred in rejecting Dr. Greenfield's 2015 opinions that plaintiff is moderately to markedly limited in her ability to understand, remember, interact with others, perform within a schedule without supervision, complete a work week, or handle money. Dkt. 10 at 6. The ALJ rejected these opinions as inconsistent with other evidence of record. Tr. 625. Specifically the ALJ found Dr. Greenfield's opinions about plaintiff's limitations ability to understand, remember or apply information are inconsistent with the findings of Dr. Valette who found plaintiff could provide specific and detailed information, Tr. 861; had normal behavior and affect, Tr. 862; had generally clear organization and speech, *id.*; had intact thought process; exhibited no mania; did not have hallucinations; could perform serial 3's; *id.*; and exhibited normal judgment and reasoning.

Dr. Valette also opined plaintiff could handle her own funds, can socialize, has low to borderline cognitive functioning; can understand, remember and carry out both complex and simple one and two step instructions; can interact appropriately with supervisor, co-workers and the public; and can maintain concentration and attention to carry out instructions. Tr. 864-65. Dr. Valette's 2017 findings are inconsistent with Dr. Greenfield's 2015 findings that plaintiff is moderately to markedly limited in the ability to understand, remember, interact with others, perform within a schedule without supervision, complete a work week, or handle money.

As noted above, the ALJ is authorized to weigh the evidence. There is no evidence Dr. Valette's opinions are defective or unreliable, and thus the court cannot say it was unreasonable for the ALJ to give weight to Dr. Valette's opinion, and discount Dr. Greenfield's. Substantial evidence thus supports the ALJ's rationale and the Court accordingly affirms the ALJ's determination.

Further as with the ALJ's treatment of Dr. McCollum's opinions, because the ALJ gave a valid reason supported by substantial evidence to discount Dr. Greenfield's opinions, the Court need not discuss the other reasons the ALJ gave, for even if these other reasons are erroneous, the errors would be harmless.

## CONCLUSION

For the reasons discussed above, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

DATED this 4th day of December, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge